## VANCE'S HEIRS *v.* MARONEY et al.

1. A writ of error must describe specifically the record and judgment, and the cause wherein such judgment was rendered, and must set forth the parties to that proceeding, and must show to whose injury the error alleged has intervened.

2. As to the defendant in error, the writ of error has no office to perform; the defendant in error, who conceives himself entitled to be relieved of the burden of sustaining the record, should address his motion to the *scire facias*, if he appears in pursuance of that writ, or to the assignment of errors, if he appears voluntarily.

3. A writ of error lies to review the proceedings and judgment in one matter only; several judgments between different parties are not examinable upon a single process.

*Error to Probate Court of Gilpin County.*

Mr. L. C. ROCKWELL, *pro se*, now moved the court to dismiss the amended writ of error in this proceeding, as to him, for the following reasons :

"*First.* Because the *scire facias* does not follow the writ of error, as to the parties defendant."

"*Second.* Because said Rockwell was not a party to the proceeding below, nor the judgment or proceedings below brought to this court by this writ of error."

"*Third.* Because the writ of error brings to this court other and different parties than those to the judgment below, and because the record shows that the said Rockwell has no interest in this proceeding."

WELLS, J. The office of the writ of error is to cause the removal of the record and judgment sought to be reviewed, and to commission the court in which it is returnable, to examine the errors alleged. It must describe specifically

the record and judgment, and the cause wherein such judgment was given, and must, of course, therefore set forth who were parties to that proceeding.   It must also show to whose injury the error alleged has intervened, and the parties so named are the plaintiffs in error.   It need not, however, and indeed never can show who are the defendants in error; for as to them it has no office to perform; it is not directed to or served upon them, nor are they in any way required to answer to it; and while the party prevailing in the court below may be, and in most cases is the defendant in error, it is not invariably so ; . *e. g.*, if the prevailing party below die after judgment given, the executor, where the judgment is *in personam* for damages or the like, or the heir, where lands are recovered, are the necessary parties defendant to the writ of error.   In such case the death, heirship, and the like are averred or suggested, sometimes in the assignment of errors, as it seems, but more frequently in the *scire facias* to hear errors, and at one of these stages in the process are set forth, for the first time, the names of those whom the party complaining would call upon to respond to his complaint.   It is manifest, therefore, that the defendant in error, who conceives himself entitled to be relieved of the burden of sustaining the record, should address his motion to the *scire facias* if he appears in pursuance thereof; or to the assignment of errors where he appears voluntarily.   The motion is therefore inappropriate; all the causes assigned thereunder are in point of law impossible.   The writ of error can neither follow nor depart from the *scire facias*, as to the parties defendant in error; nor bring to this court either the parties below or different parties.

Inasmuch, however, as the points relied upon were fully argued, it is proper, that in order to avoid further delay, we should express ourselves at this time.

The writ of error lies to review the proceedings and judgment or decree in one matter only : several judgments between different parties, even in the same court, are not examinable upon a single process.

In the present case, the order of the probate court, allowing Mr. Rockwell's demand, is entirely distinct, in legal effect, from the decree given upon the petition of the administrator.

The creditor of a decedent may present his demand for allowance in the probate court, or he may, at his pleasure, bring an action thereon in the district court. If the decedent, in his life-time, might have been subjected to an action in another county than that of his residence, it is probable that the administrator would be liable to the same action in like manner. If several such judgments should be recovered in several counties, and if the administrator should afterward be decreed to make sale of the lands of his decedent, for their satisfaction, it would scarcely be supposed that one writ of error could bring all these several judgments and the decree of sale at one time to this court.

The record of the allowance of the claim of Mr. Rockwell is a record as essentially distinct from the decree of sale, as the judgment of the district court in the case supposed.

We must, however, be understood to pass upon the question of the power of the court to review the judgment upon which the decree of sale is founded.

It may be that we have power to enter upon such an examination, as has frequently been asserted elsewhere, but if so, it must be exercised as incidental merely to the review of the decree of sale.

The clerk will, therefore, be directed to strike from the amended writ of error the name of Mr. Lewis C. Rockwell, and the motion to quash will be overruled.

Mr. Rockwell having been the purchaser at the sale, which is now brought in question, it was at first thought that perhaps it might be necessary upon this account to join him in the *scire facias*. If, however, he can, by virtue of his position as the purchaser, be compelled to defend this writ of error, it will follow, inasmuch as the rights of the parties must be reciprocal, that he and all those whose rights

may in any respect be affected are necessary parties, and must be summoned in order to make the decree of this court effectual upon them ; a position which cannot be admitted.

Mr. Rockwell will, therefore, be permitted to withdraw from the defense, if he shall signify his desire so to do, but inasmuch as it was proper for the plaintiff to warn him of this proceeding, in order that he might have opportunity to defend the decree, he will not be allowed costs.