JONES, ADMR. ETC., PLAINTIFF IN ERROR, v. PEROT ET
AL., DEFENDANTS IN ERROR.

1. PLEADING.

A complaint which does not allege performance of one of the essential
    conditions imposed upon the plaintiffs by the terms of their con-
    tract, fails to state a cause of action.

2. PRACTICE.

The court may, when justice requires it, determine the ultimate rights
    of the parties on each side as between themselves.

3. SAME.

It is erroneous in an action against an estate to enter judgment against
    the administrator personally, or to award execution. A judgment
    against an administrator should be *de bonis testatoris*.

4. JURISDICTION.

Although an estate may be in course of administration in the county
    court, a party is not required to present his claim to that court
    for allowance. He may, at his option, bring suit in the district
    court in the first instance.

5. PLEADING—DENIAL.

A denial in an answer of " any knowledge or information sufficient to
    form a belief" as to each and every allegation in the complaint ex-
    cept, etc., is defective in that it contains no statement to the effect
    that the defendant cannot obtain sufficient knowledge or informa-
    tion on which to base a belief.

*Error to the District Court of Arapahoe County.*

FOR the first cause of action defendants in error as plain-
tiffs below allege, that on January 28, 1882, plaintiff and
others were the owners of certain Roaring Fork Improvement
Company bonds, and that said parties entered into a written
agreement with Isaac Cooper with reference thereto, setting
forth the instrument *in hæc verba*. So far as the provisions
of the agreement are necessary to a correct understanding
of the present controversy they are as follows :—

Cooper agrees to forthwith organize and cause to be in-
corporated a company to be called The Pearl Mining Com-
pany, on the basis of five million dollars capital, divided into
five hundred thousand shares at a par value of ten dollars

each, of which one hundred and seventeen thousand shares are to be reserved in the treasury of the company as working capital, to cover expenses of beginning and carrying on the operations of the company; the said Cooper further agreeing to convey to said company certain mining claims located in Pitkin and Gunnison counties, Colorado. The agreement further witnesses that said parties of the second part, in consideration of the premises, agree to deposit with The Guarantee Trust & Safe Deposit Company of Philadelphia cash to the amount of fifty per cent of the par value of their respective holdings of bonds of The Roaring Fork Improvement Company, to be held by said company until H. P. Bennet, Esq., of Denver, Colorado, shall have passed the title of the said Cooper to the aforesaid mining claims, and upon such passing of title and conveying of same by Cooper to said Pearl Mining Company, said parties of the second part agree to exchange with Cooper said Roaring Fork Improvement Company's bonds with accrued interest thereon to January 1, 1882, and cash deposited as aforesaid with said Guarantee Company for stock in the said Pearl Mining Company, upon which a dividend of three cents per share per annum shall be guaranteed, as hereinafter set forth: Upon consummation of said exchange, the said parties of the second part agree to surrender to Cooper all the stock of said Roaring Fork Improvement Company received as bonus for the bonds so exchanged, and to release and pay over to him said cash deposited with the Guarantee Company.

In consideration of the premises Cooper agrees to exchange the stock of The Pearl Mining Company for the stock and bonds of The Roaring Fork Improvement Company, with accrued interest thereon to January 1, 1882, and cash as above set forth, and promises to pay a dividend of three cents per share per annum in cash from February 1, 1882, upon such stock as shall be thus exchanged for bonds or cash, Cooper to deposit, as collateral security for the payment of said dividend as aforesaid, all the stock and bonds received by him.

It it further agreed that upon default of Cooper to pay the whole of said dividend as aforesaid upon all stock exchanged for bonds with accrued interest, or cash as aforesaid, that then recourse may be had by the parties of the second part, "1st. To the enforcement of the sale of collateral security and of the penalty as in manner provided. 2d. To the said Isaac Cooper, whose individual liability to pay said dividend as aforesaid it is distinctly understood shall extend only to that portion of said stock which has been exchanged by him for cash as aforesaid." This dividend to be paid until sixty cents per share in cash shall be tendered by him for all stock upon which a dividend is guaranteed.

It is further agreed that said Cooper is to maintain the organization of The Roaring Fork Improvement Company, and to obtain title to the Aspen town site through the Aspen Town and Land Company.

A transfer from certain parties interested in the contract to the plaintiffs in this case, including W. Henry Sutton, is alleged, and also the organization of The Pearl Mining Company as provided, and that the title to the mining property mentioned was duly passed by H. P. Bennet, Esq., and the deeds conveying the same executed and delivered to The Pearl Mining Company in pursuance of said agreement.

It is further alleged that plaintiff exchanged with said Cooper said stock and bonds of The Roaring Fork Improvement Company held by them and deposited with The Guarantee Trust & Safe Deposit Company of Philadelphia, $22,500 in cash, which was half of plaintiff's holdings of the bonds of said Roaring Fork Improvement Company, and received in exchange therefor from said Cooper, stock in The Pearl Mining Company to the amount of 112,705 shares; that 37,500 of said shares represents the $22,500 in cash, on which shares Cooper was by the terms of his contract required to pay annually a dividend of three cents per share from the first day of February, 1882, up to the time of bringing the suit. It is further alleged that no part of said dividend has been paid.

The sale of the collateral security is alleged to have been made in manner provided, realizing the sum of $660.

For the second cause of action it is alleged that on or about the 15th day of August, 1882, at Philadelphia, in the state of Pennsylvania, plaintiff loaned to said Isaac Cooper, at his special instance and request, the sum of $4,000, which said sum Cooper was to repay to plaintiff within a reasonable time, with interest at the rate of six per cent per annum from the time of said loan until the same was repaid ; that the reasonable time in which said Cooper agreed to pay said money expired on the first day of January, 1883, and that neither said Cooper in his lifetime, nor the said defendant since his death, has paid plaintiff any part of said sum.

The amended answer to this complaint, upon which answer the action was tried, admits death of Isaac Cooper and the appointment of the defendant as administrator; admits organization of The Pearl Mining Company and its acquisition of title as described in the complaint; admits that Isaac Cooper transferred to plaintiff 131,166⅔ shares of stock of The Pearl Mining Company, but denies that 41,666⅔ shares thereof represent the amount of said stock exchanged for cash, for which dividends were guaranteed ; admits sale of the collateral security for the amount alleged, but avers that such sale was collusive and fraudulent; to matters not admitted there is an attempt at denial.   For a further answer and defense the defendants allege that no demand was ever made by said plaintiffs upon Cooper nor his administrator for the payment of the alleged demands stated in the complaint, and that neither of said demands was ever filed in, or exhibited against the estate of Isaac Cooper in the county court of Arapahoe county, where the administration of the estate was being had.

For a second defense, the statute of limitations is pleaded.

In the third defense as amended, it is alleged that there is misjoinder of parties plaintiff in this action, in the joinder of the said W. Henry Sutton as one of the plaintiffs herein, in this, to wit: That on the first day of May, 1882, a written agreement was entered into between Sutton and Cooper, by

the terms of which agreement among other things it is alleged that Sutton, one of the plaintiffs below, assumed and agreed to pay one half of any liability that might occur to Cooper by reason of the agreement sued on herein.   The legal effect of this agreement is pleaded in detail.

As a fourth and further answer and defense, and also by way of counterclaim, a fraudulent sale of the collateral security deposited by Sutton is alleged, in which fraudulent sale it is averred all the plaintiffs participated.   The facts constituting the fraud are not specifically set forth.

A demurrer was filed to each of the defenses set up in the answer.   The demurrer having been withdrawn as to the second defense, it was sustained as to the first and third defenses, and overruled as to the fourth.

The defenses remaining, a replication was thereafter filed.

A trial to the court resulted in findings in favor of the plaintiff in the sum of $15,515.   A motion for a new trial was filed and overruled, and judgment rendered upon the findings.   To reverse this judgment the case is brought here by appeal.

Mr. H. P. BENNET, for plaintiff in error.

Mr. R. D. THOMPSON, for defendants in error.

CHIEF JUSTICE HAYT, delivered the opinion of the court.

It is contended that the first cause of action upon which plaintiff relies is fatally defective by reason of the failure to plead the payment of $22,500, which, under the contract, the plaintiffs were to pay to the defendant Isaac Cooper.   One of the conditions of the contract sued on required the parties of the second part upon the consummation of said exchange to surrender to said Cooper all the stock of said Roaring Fork Improvement Company received as bonus for the bonds so exchanged, and to release *and pay over to him said cash de-*

*posited with the Guarantee Company.* The performance of this condition on the part of plaintiffs is alleged as follows:

" The plaintiff exchanged with said Cooper the said stock and bonds of The Roaring Fork Improvement Company held by them and deposited with The Guarantee Trust & Safe Deposit Company of Philadelphia in the state of Pennsylvania $25,000 in cash, which was half of plaintiff's holdings of the bonds of said Roaring Fork Improvement Company, and received in exchange therefor from said Cooper stock in The Pearl Mining Company on the basis of sixteen and two thirds dollars worth of the stock of said Pearl Mining Company for each dollar in bonds of The Roaring Fork Improvement Company, together with accrued interest thereon up to January 1, 1882, which interest amounted on the last named day and date to the sum of $3,325, which together with said $45,000 of bonds and said $22,500 in cash made the sum of $78,700, for which plaintiffs received from said Cooper $1,227,050 worth of the capital stock of The Pearl Mining Company, or what is equivalent thereto, $122,705 shares of the capital stock of said Pearl Mining Company; that 37,500 of said shares represents the $22,500 in cash *so as aforesaid* paid over by plaintiffs to said Cooper, on which last named number of shares said Cooper ought under said contract to have annually paid to said plaintiffs said guaranteed dividend of three cents per share from the said 1st day of February, A. D. 1882, up to the present time."

Of the foregoing it is to be noticed that it falls short of an allegation of performance of the condition of the contract by which plaintiffs obligated themselves to make a cash payment to the defendant. Examining the pleadings for the purpose of ascertaining to what antecedent statement the words " *so as aforesaid* " refer, we find the only other allegation in reference to the payment of cash is, that the same had been deposited with the Guarantee Title and Safety Deposit Company of Philadelphia. This prior clause is not an allegation, nor equivalent to an allegation of the payment of the money to Cooper, and the subsequent clause, dependent

as it is upon the prior clause and referring specifically thereto, amounts simply to an allegation of the deposit of such money with the Philadelphia Company. The complaint, therefore, fails to state a cause of action, in that it does not allege performance on the part of plaintiffs of one of the essential conditions imposed upon them by the terms of their contract.

A general demurrer to defendant's third defense to plaintiff's first cause of action was filed and sustained in the court below. In this defense it is alleged, among other things, that on the first day of May, 1882, Sutton and one D. H. Bradley and Isaac Cooper made and entered into a written agreement between them, in which agreement, among other things, it was expressly provided that the said Sutton and Cooper were joint owners and equal partners in and to all the capital stock and bonds of The Roaring Fork Improvement Company mentioned in plaintiff's complaint, then owned or held by said Isaac Cooper, or that might thereafter be acquired by him, and also that all expenses thereafter incurred and outlays made by Isaac Cooper in the conduct of the affairs of The Roaring Fork Improvement Company were to be shared by Cooper and Sutton. It is also alleged that all the expenses accruing to Cooper under and in accordance with the terms of the agreement known as the dividend agreement, should be equally shared by Cooper and Sutton, and that such profits as might accrue by reason of the matters and things aforesaid should be equally divided between them, share and share alike, and that an equal division of the stock and bonds of The Roaring Fork Improvement Company should be made between them.

The court erred in sustaining the demurrer to this pleading. If the facts alleged are true, and they must be taken as true, as against the demurrer, the plaintiff Sutton had become jointly liable with defendant Cooper upon the agreement which constitutes the basis of the first cause of action as pleaded. The defense should have been permitted to stand, to the end that in this action the ultimate rights of the par-

ties may be determined as between themselves as provided by section 222 of the Civil Code.

"Sec. 222. Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves."

The judgment of the district court is bad in form, in that the administrator is personally charged, and also for the rea-. son the execution is awarded. In the event of a recovery by the plaintiffs, the judgment should be against the administrator, *de bonis testatoris*. Mills' Ann. Stat., sec. 4793; *Vance's Heirs v. Maroney*, 3 Colo. 293; *Mattison v. Childs*, 5 Colo. 78.

In view of a new trial, other errors assigned will be briefly noticed.

Although it is admitted that the estate of Isaac Cooper was in course of administration in the county court of Arapahoe county, at the time of the bringing of this suit, plaintiffs were not for this reason required to present their claims to that court for allowance. They could, at their option, bring suit in the district court in the first instance. Mills' Ann. Stat., sec. 4792; *Vance's Heirs v. Maroney, supra.*

The denials in the answer are as follows: The defendant "denies any knowledge or information sufficient to form a belief as to each and every allegation in the complaint, except as hereinafter admitted." This form of denial is defective in that it does not contain a statement to the effect that defendant cannot obtain sufficient knowledge or information upon which to base a belief. From ought that appears, information might have been obtained upon the slightest inquiry, which would have enabled the defendant to either have admitted or denied in positive form the allegations of the complaint. Code, sec. 56; *Haney v. The People*, 12 Colo. 345.

The district court, consistently with its ruling sustaining the demurrer to the amended third defense, rejected the proof offered of the alleged contract of May 1, 1882; hence such

contract is not before us in this case in such form as to authorize further consideration.

The judgment will be reversed and the cause remanded, with directions to the district court to allow the parties to amend pleadings.

*Reversed.*