HOFFMAN, RESPONDENT, *v.* IMES, APPELLANT.

[Submitted October 31, 1893.   Decided November 2, 1893.]

ATTACHMENT—*Service of writ on defendant.*—Defendant in attachment is not entitled to service of the writ and an opportunity to secure the payment of the judgment by giving bond or depositing money prior to a levy upon his property, under section 181 of the Code of Civil Procedure allowing the plaintiff to have the property of the defendant attached as security for the satisfaction of any judgment that may be recovered, unless the defendant give good and sufficient security to secure the payment of said judgment.

*Appeal from Ninth Judicial District, Gallatin County.*

Defendant's motion to dissolve the attachment was denied by ARMSTRONG, J.   Affirmed.

*E. P. Cadwell,* for Appellant.

The defendant should have had an opportunity to either give a bond or deposit the money to prevent a levy of the writ of attachment.   The writ should have been served upon the defendant before its levy.   (Code Civ. Proc., §§ 181, 184, 186.) The provision of our statute in regard to the attachment of property for the security of a debt sued upon is mandatory, and in derogation of the common law, and must be strictly followed. The mode of attachment as provided by the code is exclusive. (*McBride* v. *Fallon,* 65 Cal. 303.)   Proceedings for attachments are statutory and special, and must be strictly pursued.   (*Roberts* v. *Landecker,* 9 Cal. 262; *Hisler* v. *Carr,* 34 Cal. 641.) Statutes should be fairly interpreted.   (*Dickinson* v. *Vanhorn,* 9 Cal. 207.)   Every prerequisite required by the statute must be complied with, and if not, the levy is void.   (*Main* v. *Tappener,* 43 Cal. 206.)   The right to a writ of attachment is essentially a creature of statute, and as the proceedings involve the involuntary dispossession of the owner, and antagonize the common-law idea of proprietory right, the statute upon which it is founded is strictly construed.   (Wade on Attachment, §§ 2, 3, 5.)   If any of the provisions of the statutes are not complied with by the officer in levying or executing his writ the lien is lost.   (*Greenvault* v. *Farmers' etc. Bank,* 2 Doug. (Mich.) 502; *Buckley* v. *Lowry,* 2 Mich. 420; *Roelofson* v. *Hatch,* 3 Mich. 277; *Fairbanks* v. *Bennett,* 52 Mich. 61; *Adams* v. *Abram,* 38 Mich. 302.)

*Hartman & Hartman,* for Respondent.

I. The rule in Montana is, that an attachment statute is a remedial statute; that it should be liberally expounded, for the purpose of enabling the creditor to collect his debts, and secure a lien therefor. (*Cope* v. *Upper Missouri etc. Co.,* 1 Mont. 53, 57; *Levy* v. *Elliott,* 14 Nev. 435–38; *Langstaff* v. *Miles,* 5 Mont. 554; *Pierse* v. *Miles,* 5 Mont. 549; *McGee* v. *Fogerty,* 6 Mont. 237, 239; *Josephi* v. *Mady Clothing Co., ante,* p. 195.)

II. The failure of the sheriff to notify the defendant in an attachment proceeding that he has a writ, and to give him time to deposit the amount with costs or security for the same, before making the levy, is not such a defect, if it is a defect at all, as can be reached by a motion to dissolve the attachment. Defects for which the attachment may be dissolved are: 1. Those constituting an irregular issuing of the attachment; and 2. Those constituting an improvident issuing thereof. (Drake on Attachment, 5th ed., c. 15, §§ 397, 415; 1 Wade on Attachment, §§ 276, 284.) An attachment irregularly issued can only be dissolved for defects appearing upon the face of the proceedings. (Drake on Attachment, § 415; *Cooper* v. *Reeves,* 13 Ind. 53; *Hill* v. *Bond,* 22 How. Pr. 272; *Wright* v. *Smith,* 19 Tex. 297; *Hill* v. *Cunningham,* 25 Tex. 25.) An attachment will not be discharged on motion for neglect of the sheriff to perform a statutory requirement in making a levy. The defects which may be reached by motion are defects in the issuing of the attachment. (Code Civ. Proc., §§ 200–02.) The statute will be searched in vain for a provision that the writ may be discharged on motion for defects in the levy.

II. Neither the statute nor the practice thereunder contemplates or requires any such notice or action on the part of the sheriff prior to the levy of the writ, as contended for by appellant. The practice of levying the writ and afterwards accepting the security or the amount, which has prevailed in this state for a quarter of a century, is fully warranted by the language of section 184 of the Code of Civil Procedure, even were that language less definite than it is. An examination of the sections of the code relied upon by the appellant will disclose much that is vague. It certainly will not disclose a statutory command to the sheriff to give notice to the failing debtor that

he will shortly proceed to levy a writ of attachment upon his property. Such a requirement can only be interpolated by implication. The statute in that regard is certainly vague, and the bench and bar of the state have construed it to mean that the sheriff shall levy the writ immediately, and if the amount is deposited or the security furnished afterwards, the writ is released. In such case, practical contemporaneous construction, by the bar, the bench, the officers interested, the parties to the suits, and the people, should certainly control. (Cooley's Constitutional Limitations, p. 84, original p. 70; *Stuart* v. *Laird,* 1 Cranch, 299; *Rogers* v. *Goodwin,* 2 Mass. 475; *Fall* v. *Hazelrigg,* 45 Ind. 576–85; 15 Am. Rep. 278.)

DE WITT, J.—This is an appeal by defendant below from an order of the district court refusing to dissolve an attachment. The motion in the district court was made upon several grounds, upon only one of which appellant now relies. That we will examine. Appellant's contention was and is that the attachment should have been dissolved for the reason that the writ was not served upon him, and opportunity given to him to give a bond, or make a deposit of money, prior to the levy upon his property.

Appellant relies upon that portion of section 181, Code of Civil Procedure, as follows: "The plaintiff at the time of issuing the summons, or at any time afterwards, may have the property of the defendant not exempt from execution attached as security for the satisfaction of any judgment that may be recovered in said action, unless the defendant give good and sufficient security to secure the payment of said judgment." His position is that the law does not allow the levy of the writ unless defendant is first given opportunity to secure payment of any judgment that may be obtained by giving bond or depositing money.

The whole object of the attachment law is to obtain security for the debt claimed in the action. If the debt be already secured by a mortgage, lien, or pledge upon real or personal property (Code Civ. Proc., sec. 181), the writ of attachment cannot be issued; but if the debt be unsecured, the creditor may procure security upon the property of defendant debtor

through the legal process of attachment. When this process is set in motion the sheriff is required to attach and safely keep so much property of the debtor as may be sufficient to satisfy the claims demanded, unless the defendant deposit the amount, or give the sheriff security by a good undertaking. (Code Civ. Proc., § 184.) It is not the intention of the statute that the officer shall, with this extraordinary writ in his hands, await the action of the defendant in giving security. The defendant may be absent from the jurisdiction. Other officers with other attachments may be seeking precedence in a levy. It is not to be held that the officer is to await the pleasure of an attachment debtor in giving security. On the other hand, the reasonable officer would extend all proper opportunity to the debtor to give the security contemplated by the attachment law, provided that he did not in any way jeopard the obtaining of the security through a levy upon property. The law gives the defendant the right to release the levy upon his property by giving the security at any time; but the defendant in this case, while he complains that he was not given notice that the levy was to be made, and that thereby he did not have opportunity to give security, still he is in this position that he did not at the time he discovered the levy, or at any time since, offer any security. He concedes that the issuance of the writ was regular. He asks that his property be released from a levy make upon a regular writ, and he asks this without tendering any bond or any deposit of money. The district court very properly denied his motion, and that order is hereby affirmed.

*Affirmed.*

HARWOOD, J., concurs.