Cunningham, Presiding Judge.
1. Plaintiff in error, hereinafter referred to as plaintiff, entered into a written contract with the defendant in error, hereinafter referred to as defendant, whereby plaintiff became financial director of the company, for the city and county of Denver, and assumed divers and sundry responsibilities and duties towards *528 the company, for which he was to receive, as compensation, a certain percentage of the premiums paid to the company on policies written by it in the city and county of Denver. Plaintiff becoming convinced that he had been induced to enter into the contract with the company for the sole purpose of securing from him a policy of life insurance (the written contract required him to take out a policy, and he did so, paying a premium thereon for the first year), and the premium thereon, instituted his suit in equity for the purpose of having the policy cancelled, and the whole amount of premium which he had paid returned to him. The case was first tried to a jury, and a verdict and judgment for a part of the premium going in favor of plaintiff, defendant appealed to the supreme court, where the judgment was reversed. See Central Life Assurance Society v. Mulford, 45 Colo., 240, 100 Pac., 423. The supreme court, in its opinion, has determined adversely to plaintiff many iff the contentions which, without right or authority, he again renews in this court. "We say without right or authority, because the construction of the contract by the supreme court, and its direct findings based thereon, have become the law of the case.
2. Among the findings or announcements contained in the supreme court’s opinion, is one to the effect that:
"The contract between plaintiff and defendant was mutual and reciprocal. The benefits accruing to plaintiff were dependent upon his performance of a correlative duty. The only basis, under the evidence, for his claim that he is entitled to have the policy of insurance can-celled and the amount of premium paid returned to him, is that defendant did not account to him for the amount of the commission to which he is entitled, and did not perform other of its promises. Since the defendant was under no obligation with respect thereto, unless plaintiff observed the provisions of the contract incumbent upon *529 him to perform, it necessarily follows that his right to rescind and the return of his premium was not established, on account of his failure to perform his agreement with the company, which agreement on his part was in consideration of the promise by the defendant of commissions.” (p. 245.)
Again, on the preceding page, referring to the same subject, the supreme court says:
“But if it be assumed, for the purposes of this case, that plaintiff was induced by fraudulent representations to enter into the contract, it does not necessarily follow that he is entitled to have his policy of insurance can-celled, or to recover the first annual premium which he paid. The taking out of the insurance was only one of the things which" plaintiff was to do under the terms of the financial director’s contract. There were other things which he must do before he is entitled to commissions. One of them is that he should diligently assist defendant in certain particulars mentioned, in the advancement of its business within his county. The jury found that he did not do so, and further found that he was not justified in his refusal.”
Of course, we do not mean to be understood as supposing that the verdict of the jury; or the evidence offered in the former trial, should influence us here, but we have made the last quotation for the sole purpose of showing that the supreme court considered the obligations under the contract to be mutual and reciprocal, and as supporting our conclusion, which we. shall now announce, as to the duty of the plaintiff in the matter of pleading. We find no allegation in plaintiff’s complaint, or in his amended complaint which he filed after the case had been remanded, ■ wherein it is averred that he performed, or offered to perform, the conditions and obligations imposed upon him by the contract. A complaint based upon a contract of this sort, which is silent upon *530 tlie question of plaintiff’s performance, and contains no averments which, if true, would excuse performance, is fatally defective. — Sec. 72, Colo. Code Civ. Proc. (R. S.); 31 Cyc., 108; Armor v. Fist, 1 Colo., 148; Jones v. Perot, 19 Colo., 141, 34 Pac., 728; Board of Public Works v. Hayden, 13 Colo. App., 36, 56 Pac., 201.
In view of these authorities, the trial court did not err in sustaining the motion of the defendant to exclude all testimony under the original complaint.
3. There are other interesting contentions raised and debated in the briefs in this case which, under the view we take, we are not required to consider or dispose of. We desire to make this opinion as brief as possible, and incorporate, by reference, so much of the opinion of the supreme court above referred to as may be important, or as may aid in a consideration of the case.
4. The plaintiff has' had two opportunities to try this case; the supreme court pointed out grave defects in his complaint, and yet, notwithstanding this, plaintiff went to trial a second time without any amendment of his complaint, or any offer to amend the same, until he was halted by the ruling of the trial court excluding all ■testimony under his original complaint; he then filed an amended complaint, in which he retained all the vices inherent in his original complaint, and insists in this court upon several contentions which the supreme court has explicitly ruled unavailing. We can only account for plaintiff’s failure to plead performance on his part, or some explanation which would relieve him from the duty of performing the conditions imposed upon him by the contract, by the following declaration of the supreme court, in its opinion when this case was there on appeal:
“The jury found, and the evidence is all that way, that plaintiff declined and refused to assist the company in securing any business, as he agreed to do, and that he was not justified in the refusal.”
*531 Decided March 9, A. D. 1913.
Rehearing denied, April 13, A. D. 1914.
Of course, if the plaintiff did refuse, withont sufficient excuse, to perform his part of the contract, he is to he commended for not alleging performance; bnt in that situation, he ought to have abandoned his case, after his former judgment had.been reversed by the supreme court.

Judgment Affirmed.

King, Judge, not participating.