Mattison v. Childs et al.

## MATTISON V. CHILDS ET AL.

1. Under the Code (section 14), an action upon a joint note may be maintained against both jointly, or either, separately.

2. The survivor and the executor of a deceased joint maker cannot, however, be joined in the same action, and in such case it is irregular to proceed against the executor without dismissing the complaint as to the survivor.

3. A judgment against an executor should be for a sum named payable out of the estate of the deceased in due course of administration.

4. Execution may not issue against an executor. Section 2,924, Gen. Laws.

5. In pleading the allegation that letters testamentary were granted and issued by the County Court, is sufficient without averring an acceptance of the trust and qualification therefor.

*Appeal from District Court of Weld County.*

THE case is stated in the opinion.

Mr. J. M. FREEMAN, and Messrs. GEORGE and FAUNTLEROY, for appellant.

ELBERT, J. The note declared on is in form the joint note of Russell Fisk and Richmond Fisk.

Under Sec. 14 of the Code, an action thereon was maintainable against both, jointly or either, separately. The section provides "That persons jointly or severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and sureties on the same or

separate instruments, may all, or any of them, be included in the same action, at the option of the plaintiff."

The effect of this section is to abrogate the common law rule respecting parties to actions on joint contracts of the descriptions specified.

Richmond Fisk having died, a separate action was maintainable against either Russell Fisk, the survivor, or the executors of the deceased; they could not, however, be joined in the same action; as against one the judgment would be *de bonis propriis*, and against the other *de bonis testatoris*. In this respect the Code is not believed to have changed the common law rule. Bliss on Code Plead. Secs. 105, 106, 107. *Humphreys* v. *Crane et al.* 5 Cal. 177; *May* v. *Hanson*, 6 Cal. 642; *The County of Wapello* v. *Bingham*, 10 Iowa, 39. There was, therefore, a misjoinder of parties defendant.

That summons issued only against the executors, and judgment was against them only, does not obviate the objection. It was irregular to proceed against the executors without dismissing the complaint as to the survivor, Russell Fisk.

The judgment is also bad in form, in that the executors are charged personally. Judgment should have been for the sum named, payable out of the estate of the deceased in due course of administration. It was also objectionable in that it awarded execution. Section 2,924, Gen'l Laws, provides " That no execution shall issue on a judgment against executors, but the party recovering such judgment shall cause a transcript of the record of the judgment entry to be filed in the county court, and the same shall be classed and paid the same as other demands."

The allegation that letters testamentary were granted and issued by the county court of Weld county, to the defendants, Childs and Fisk, is sufficient. Such official act clothed them with their representative character. Bliss on Code Plead. Sec. 264. Their acceptance of the trust and qualification therefor need not be alleged; both are implied in the grant and issuance of letters testamentary.

The judgment is reversed, with leave to the plaintiff below to dismiss the complaint as to the defendant, Russel Fisk, and move for a judgment against the executors *de bonis testatoris*.

*Reversed.*