## Miller, Adm'x, et al. v. Blake.

Upon a motion by defendants in arrest of judgment for misjoinder in an action against a surviving obligor and the administrator of a deceased joint obligor, the plaintiff moved to dismiss as to the surviving obligor. *Held*, that the latter motion was properly allowed; the defendants should have availed themselves of the objection at an earlier stage by demurrer, under section 51 of the code.

*Error to District Court of Boulder County.*

The facts are sufficiently stated in the opinion.

Mr. W. A. Hardenbrook, for plaintiff in error.

Mr. R. H. Whitely, for defendant in error.

Stone, J.   The suit below was upon a joint and several bond.

The surviving obligor and the administratrix of the deceased joint obligor, the plaintiffs in error herein, were

made the defendants. After verdict for the plaintiff below, the defendants moved in arrest of judgment on the ground of misjoinder of parties defendant, and thereupon the plaintiff moved to dismiss the action as to the surviving obligor. This latter motion was allowed by the court, the motion in arrest of judgment was overruled, and judgment rendered against the administratrix as such, the judgment to be paid out of the estate of her intestate in the due course of administration. The ruling of the court upon these motions, and the rendition of the judgment as stated, constitute the grounds of the errors assigned.

It is conceded that the defendants were improperly joined, since judgment against one would be *de bonis propriis*, and against the other *de bonis intestatoris*.

That the plaintiff in such case may elect to dismiss the action as to either defendant and take judgment against the other, is a procedure clearly sanctioned by this court in the case of *Mattison v. Childs et al. Executors, etc.* 5 Col. 78. In that case judgment was rendered in the court below against the executors of a deceased obligor jointly with one Russell Fisk, a *surviving* obligor, and upon appeal to this court it was held that "the judgment be reversed, with leave to dismiss the complaint as to the defendant Russell Fisk, and move for a judgment against the executors *de bonis testatoris*."

Under the practice provisions of the code, sec. 51, the misjoinder in this case was ground for demurrer by defendants, but after appearing, pleading and going to trial without such objection to the complaint at an earlier stage of the proceedings, the defendants should not be heard to complain that the misjoinder was sought to be corrected at a later stage by the other party.

*Judgment affirmed.*

[Mr. Justice BECK, having presided at the trial below, took no part in this decision.]