Wilson, J.
*400 In May, 1892, plaintiff Haley and L. H. Dickson, alleged to have been acting as agent for bis wife Emily Dickson, entered into a written contract, whereby the latter agreed, for certain considerations therein named, to sell to the former and convey to him by good and sufficient warranty deed certain lots in the city of Denver upon which was situated the St. Cloud hotel, and also all the furniture, fixtures and household goods therein, subject, however, to the incumbrance of three deeds of trust upon the realty and one chattel mortgage upon the furniture. Within two days thereafter, the contract was consummated by the execution of a deed to the property by Mrs. Emily Dickson. There was at the time of these transactions a junior chattel mortgage upon the furniture held by J. G. Kilpatrick, since deceased, and of whose estate the appellant herein is administratrix. This mortgage was not mentioned in the contract between Dickson and Haley. The complaint herein, after reciting these facts, alleges, inter alia, that said Kilpatrick was claiming that plaintiff assumed and obligated himself to pay all the mortgage indebtedness described in the original contract to which we have alluded, and that such claim was being based upon the following provision in the contract: .
“ Said party of the second part (the plaintiff herein) agreeing to assume all interest as now shown by holders of a certain. mortgage and three deeds of trust and insurance policy thereon.”
The plaintiff’s contention was, that in fact and in truth, this provision was intended simply to express the agreement of the parties that he should assume and pay certain overdue interest upon the chattel mortgage and the deeds of trust referred to in the contract of sale.
One Farrar and Annie O. Bates were also made parties defendant upon the ground that they held or had held, some of the indebtedness described in the contract, and that plaintiff had been informed that they had, or claimed, some interest touching and relating to the premises. Plaintiff further averred that founded upon the alleged misconception of this *401 provision in the contract, further and other claims might be made against him unless he was given full and adequate relief, and, if necessary, a reformation of said contract and deed. The prayer of the complaint was, that the contract and deed be adequately reformed and their meaning declared, and that the defendants, and each of them, should be enjoined from making further claim or pretense that plaintiff was personally liable under the contract and deed. None of the defendants appeared, except Mrs. Kilpatrick. She demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against her, which, being overruled, she answered. The answer was substantially a denial, on information and belief, of the various matters alleged in the complaint, except the allegation that the defendant was claiming that, by the clause in the contract to which we referred, the plaintiff had assumed and obligated himself to pay all the mortgage indebtedness described in the complaint. With reference to this, the answer said nothing. Upon motion of the plaintiff, judgment upon the pleadings was rendered in his favor, and against this defendant. Such judgment is in the following words: *
“ It is considered by the court that the plaintiff Ora Haley did not assume and undertake to pay the incumbrances mentioned in the agreement of May 25,1892, and set up in plaintiff’s complaint herein entered into by and between said plaintiff and said defendant Emily Dickson, by her husband Lewis H. Dickson.
“ It is further considered by the court that said plaintiff do have and recover of and from said defendant Annie L. Kilpatrick, administratrix of the estate of James G. Kilpatrick, deceased, his costs by him in this behalf laid out and expended, to be taxed, and have execution therefor.”
It will be observed that the judgment, so far as the merits of the case are concerned, was simply a finding of fact by the court, and did not embrace an injunctive order as prayed for by the plaintiff.
The chief contention of counsel for appellant is, that the *402 complaint did not state facts sufficient to constitute a cause of action against her. He bases this upon the ground that because the suit is one for the reformation of a written instrument, the complaint wholly fails to allege the existence of certain matters which are essential in order to maintain such a suit. These matters, in our view of the case, it is not necessary to enumerate, nor to discuss. We think that the complaint, although somewhat inartificially drawn, and containing matter which was possibly not necessary, yet was sufficient to state an equitable cause of action under the provisions of section 21 of the code. The simple fact that plaintiff, in his prayer, asked that the contract be reformed or construed does not necessarily stamp the action as one exclusively of this character. He prayed also for such relief as to the court might seem meet and proper in the premises. It is true, the complaint did not specifically allege wherein the claim of Kilpatrick, as to the meaning of the disputed clause in the contract, would prejudicially affect the rights of plaintiff, but it did allege facts from which the legal conclusion would necessarily arise that the assertion and maintenance of said claim would injuriously affect him, because, if the contention of Kilpatrick was correct that plaintiff had agreed by the terms of his contract to assume and pay off the senior chattel mortgage upon the furniture, then the junior chattel mortgage of Kilpatrick would become, as against plaintiff, a prior lien upon the furniture. Having alleged the facts, it was not necessary for him to allege the legal conclusion. The motion of plaintiff for judgment on the pleadings was properly sustained. The defendant by her answer did not raise any issue, that is, any issue which she was entitled to raise. Under the issue tendered by the complaint, she, not being a party to the contract, was entitled to do only one of two things: either to wholly disclaim, or in her answer to set up some facts showing that some right of hers would be prejudicially affected if the claims of plaintiff should be sustained and the relief prayed for be granted. She did neither. Counsel for appellant, in his brief, expresses *403 some doubt as to whether the judgment in this case would be effectual for any practical purpose against Mrs. Kilpatrick, but nevertheless felt it “ dangerous,” he says, to disclaim, through fear that it might possibly embarrass his client in a suit which is now pending, it is claimed, between the same parties in the United States circuit court for this circuit, growing out of this same transaction. About this, we have no opinion to express, but it would seem that the judgment in this case does not, as we have said, enjoin any of the parties from asserting any claims which they might have, nor has the question been raised, by either the pleadings or the judgment in this cause, which was the controlling question in the federal case to which we have been cited. Kilpatrick v. Haley, 66 Fed. Rep. 133.
It was there held that the purchase by Haley of the first chattel mortgage on the furniture had the effect of discharging that incumbrance.
There was, however, one error which was fatal to this judgment, as entered up, and that was that the plaintiff recover against Mrs. Kilpatrick, administratrix, etc., his costs, and that he have execution therefor. This last provision was expressly contrary to the statute. No execution can issue on a judgment against an executor or an administrator. The judgment in such case should be that it be payable out of the estate of the deceased, in due course of administration. Gen. Stats. sec. 3618; Mattison v. Childs, 5 Colo. 79; Lamping v. Keenan, 9 Colo. 392.
For this reason, the judgment was improper, but no further trial being required in the view which we take of the case, it will not be necessary to remand it for this reason. The judgment in proper form will be entered up in this court, and, as corrected, will be affirmed.

Affirmed.