No. 10,119.

FIRST NATIONAL BANK OF PLAINVILLE, KANSAS *v.* RILEY, ADMINISTRATOR, ET AL.

Decided May 1, 1922.

Action on promissory note. Judgment for defendants.

*Reversed.*

1.  PARTIES—*Deceased Defendant—Personal Representative.* While the personal representative of a deceased obligor cannot be joined with the survivor as a defendant in an action at law on a contract, the rule does not apply in a case where the deceased defendant is living at the time of the institution of the action. Upon his death, his personal representative may be substituted as a party under the provisions of section 15, code 1908.

*Error to the District Court of El Paso County, Hon. John W. Sheafor, Judge.*

Mr. GEORGE B. GOULD, for plaintiff in error.

Messrs. ORR & LITTLE, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action upon a promissory note and was brought against Mrs. E. A. Carlson and Enos Carlson, as joint makers. Each of the two defendants filed a separate answer. Thereafter, the defendant Mrs. E. A. Carlson died, and the administrator of her estate was, on motion of plaintiff and without objection of the other defendant, sub-

stituted as a party defendant.   The defendant Enos Carlson then filed a demurrer to the complaint on the ground of "a defect and misjoinder of parties."   The demurrer was sustained.   Thereupon plaintiff offered to dismiss as to the administrator and to proceed against the other defendant alone.   The court refused to permit plaintiff to proceed against such defendant.   Plaintiff later asked leave to withdraw the dismissal as to the administrator, the vacation of the order sustaining the demurrer, and to reinstate the case against both defendants.   This was refused.   The record shows a dismissal as to the administrator, and a judgment for the defendant Enos Carlson.   The plaintiff brings the cause here for review.

Error is assigned to the sustaining of the demurrer, and this question is argued by both sides.   Counsel for defendant in error, the defendant below, Enos Carlson, in support of the demurrer, rely upon the cases of *Mattison v. Childs,* 5 Colo. 78; *Miller v. Blake,* 6 Colo. 118, and *Metz v. People,* 6 Colo. App. 57, 62, 40 Pac. 51.   These cases apply the rule that the personal representative of a deceased obligor cannot be joined with the survivor as a defendant in an action at law on the contract.   See also 24 C. J. 807, sec. 2027.

The rule above mentioned is not applicable in the instant case, for the reason that the administrator was not a party at the commencement of the action but was substituted in place of a deceased defendant who, before her decease, had filed an answer.   The same situation existed in the case of *Morgan v. King,* 27 Colo. 539, 63 Pac. 416, and this court there said:

"The action commenced against deceased did not abate by reason of his death.   It became the duty of the administrator to defend.   Under our code (sec. 15), he was properly made a party defendant.   The misjoinder which may be.taken advantage of by demurrer, if it appears upon the face of the complaint, or by answer if not, does not apply to cases where an administrator is substituted in place of a deceased defendant.   *   *   *

"The administrator being a proper party defendant, it

necessarily follows that a judgment could be pronounced against him in his representative capacity."

Section 15 of the Code of 1908, mentioned in the foregoing quotation, provides that "an action shall not abate by the death * * * of a party, * · * * if the cause of action survive or continue," and that "in case of the death * * * of a party, the court, on motion, may allow the action to be continued by, or against, his representative." Such provision is not limited to cases where there is but one plaintiff or one defendant. See, also, 1 C. J. 161; 24 C. J. 808, note 27.

It was error to sustain the demurrer. The judgment is reversed, and the cause remanded with directions to overrule the demurrer, reinstate the cause, and permit plaintiff to proceed against both defendants.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE DENISON concur.